### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Suzanne Wilkins and Douglas Wilkins, Husband & Wife | NO. |
| Plaintiffs | JUDGE: |
| vs. | PROFESSIONAL LIABILITY ACTION |
| Basit Achakzai, MD.; Guthrie Robert Packer Hospital; Guthrie Medical Group, P.C. | JURY of 12 DEMANDED |
| Defendants | |

### **COMPLAINT**

Plaintiffs, Suzanne Wilkins and Douglas Wilkins, by and through their attorneys Rieders, Travis, Dohrmann, Mowrey, Humphrey & Waters, hereby file their Complaint against Defendants Basit Achakzai, MD, Guthrie Robert Packer Hospital and Guthrie Medical Group, PC, and set forth the following in support thereof:

### **PARTIES**

1. Plaintiff, Suzanne Wilkins (hereinafter referred to as "Mrs. Wilkins"), is an adult individual residing at 101 Gridleyville Crossing Road, Willseyville, NY 13864. Plaintiff is domiciled in the State of New York.

2. Plaintiff, Douglas Wilkins (hereinafter referred to as "Mr. Wilkins"), is an adult individual residing at 101 Gridleyville Crossing Road, Willseyville, NY 13864. Plaintiff is domiciled in the State of New York.

3. Defendant, Basit Achakzai, MD (hereinafter referred to as "Dr. Achakzai"), is, upon information and belief, an adult individual who at all times relevant to this action was an employee, servant, agent, ostensible or apparent of Defendant Guthrie Medical Group, P.C.

1

4. Defendant, Guthrie Robert Packer Hospital (hereinafter "Guthrie") is a corporation under the laws of the Commonwealth of Pennsylvania, is engaged in the business of providing health care and services to the general public, and, at all times relevant to the occurrences set forth herein, provided services at One Guthrie Square, Sayre, PA 18840.  Plaintiffs are asserting a professional liability claim against this Defendant.

5. Defendant, Guthrie Medical Group, P.C. (hereinafter referred to as "GMG"), is, upon information and belief, a professional corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at One Guthrie Square, Sayre, Pennsylvania.

6. Defendants are found doing business on a regular and substantial basis in the Middle District of Pennsylvania.  The witnesses and those with knowledge are either located in the Commonwealth of Pennsylvania or in close geographical proximity thereto.

## VENUE AND JURISDICTION

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00) and Plaintiffs are citizens of a state which is different from the state where Defendants are domiciled, headquartered, or incorporated in the Commonwealth of Pennsylvania and have their principal places of business.

8. Venue is proper in this district as the events related to this action occurred in Bradford County, Pennsylvania, which falls within the jurisdiction of this Court.

## **FACTS**

9. The preceding paragraphs are incorporated by reference as though set forth fully herein.

10. Mrs. Wilkins was diagnosed with a symptomatic enlarging splenic cyst.

11. Recommended plan of care included percutaneous drainage and sclerotherapy.

12. On October 14, 2021, Mrs. Wilkins underwent, for symptomatic splenic cyst, image guided aspiration with drainage catheter placement.

13. On October 18, 2021, Mrs. Wilkins presented to Guthrie Interventional Radiology with a plan to initiate sclerosis with doxycycline.

14. Prior to administering the medication to initiate sclerosis, neither a cyst injection under fluoroscopy (cystography) nor any type of imaging procedure was performed to confirm drain location in the cyst.

15. Doxycycline was injected through the splenic drain. Mrs. Wilkins immediately complained of severe abdominal and chest pain.

16. The splenic drain was removed.

17. Mrs. Wilkins was transferred to Guthrie Emergency Room for pain management and evaluation.

18. Subsequent to October 18, 2021, Mrs. Wilkins was seen by medical care providers at Crouse Health.

19. Medical records indicate Mrs. Wilkins had residual left upper quadrant pain.

20. Mrs. Wilkins suffered from acute peritonitis with significant abdominal pain, tissue necrosis and splenic abscess which required further medical management.

21. Dr. Taewan Kim recommended robotic splenectomy (surgical removal of the spleen).

22. On January 28, 2022, Mrs. Wilkins underwent robotic splenectomy for the large splenic cyst.

## COUNT I NEGLIGENCE
## SUZANNE WILKINS v. BASIT ACHAKZAI, MD

23. The preceding paragraphs are incorporated by reference as though set forth fully herein.

24. Defendant Achakzai held himself out to be a health care provider who possessed skill and knowledge in his specialty of interventional radiology and held himself out to the public and to Plaintiffs as so qualified.

25. Defendant Achakzai failed to provide reasonable care, was negligent, caused injury, and increased the risk of harm as aforesaid and as follows:

    25.1. Failing to define that the catheter was within the cyst under guidance;

    25.2. Failing to perform a cystogram or other imaging prior to initiating sclerosis;

    25.3. Failing to assure the catheter was within the cyst prior to and during sclerosis;

    25.4. Performing the October 18, 2021 procedure in a substandard fashion as to cause injury;

25.5. Performing the October 18, 2021 procedure in a substandard fashion resulting in the need to have subsequent medical care and surgical procedure (splenectomy).

26. As a direct and factual result of the conduct set forth herein, Mrs. Wilkins suffered as follows:

26.1. Acute peritonitis with significant abdominal pain;

26.2. Tissue necrosis;

26.3. Splenic abscess;

26.4. Splenectomy;

26.5. Immunodeficiency;

26.6. Requirement to undergo life-long encapsulated virus vaccines;

26.7. Prolonged hospitalizations and treatment;

26.8. Additional medical care and surgeries;

26.9. Medical expenses;

26.10. Lost wages;

26.11. Scarring;

26.12. Loss of Life's pleasures;

26.13. Pain and suffering, mental anguish, discomfort, inconvenience, emotional distress, embarrassment and humiliation; and

26.14. Such other damages as are recoverable pursuant to Pennsylvania Law.

WHEREFORE, Plaintiffs demand judgment against Defendant for an amount in excess of the limits of arbitration, exclusive of interest and costs.

**COUNT II VICARIOUS LIABILITY**
**SUZANNE WILKINS v. GUTHRIE ROBERT PACKER HOSPITAL AND GUTHRIE MEDICAL GROUP, P.C.**

27. The preceding paragraphs are incorporated by reference as though set forth fully herein.

28. Defendants GMG and Guthrie are responsible for the actions and inactions of their employee, servant, agent, ostensible or apparent or otherwise, who provided care to Mrs. Wilkins as referenced herein.

29. A reasonable prudent person in Mrs. Wilkins' position would be justified in the belief that care provided by Dr. Achakzai was being provided by GMG and/or Guthrie or their agent.

30. Upon information and belief, Dr. Achakzai, who was responsible for the care and treatment of Mrs. Wilkins at Guthrie, was at all times relevant hereto, an employee, servant, agent, ostensible or apparent or otherwise of Guthrie and/or GMG.

31. At all times relevant hereto, Dr. Achakzai was acting within the scope of his employment, as employee, servant, agent, ostensible or apparent of Guthrie and/or GMG.

32. Guthrie and/or GMG are responsible for or vicariously liable for the actions and/or inactions of Dr. Achakzai, as though the actions and/or inactions were performed by the entity itself.

33. As a direct and factual result of the conduct set forth herein, Mrs. Wilkins suffered as follows:

    33.1. Acute peritonitis with significant abdominal pain;

    33.2. Tissue necrosis;

    33.3.  Splenic abscess;

    33.4.  Splenectomy;

    33.5.  Immunodeficiency;

    33.6.  Requirement to undergo life-long encapsulated virus vaccines;

    33.7.  Prolonged hospitalizations and treatment;

    33.8.  Additional medical care and surgeries;

    33.9.  Medical expenses;

    33.10. Lost wages;

    33.11. Scarring;

    33.12. Loss of Life's pleasures;

    33.13. Pain and suffering, mental anguish, discomfort, inconvenience, emotional distress, embarrassment and humiliation; and

    33.14. Such other damages as are recoverable pursuant to Pennsylvania Law.

WHEREFORE, Plaintiffs demand judgment against Defendants for an amount in excess of the limits of arbitration, exclusive of interest and costs.

## COUNT III CORPORATE NEGLIGENCE
## SUZANNE WILKINS v. GUTHRIE ROBERT PACKER HOSPITAL

34.    The preceding paragraphs are incorporated by reference as though set forth fully herein.

35.    Guthrie has a duty and responsibility to its patients and to the public to furnish appropriate and competent care. As part of its duties and responsibilities, Guthrie had a duty to use reasonable care in the maintenance of safe and adequate

facilities and equipment, a duty to select and retain only competent physicians and staff, a duty to oversee all persons who practice medicine or provide care within its walls, and a duty to formulate, adopt and enforce rules, policies, protocols, and standards to ensure quality care.

36. Acting through its administrators, various boards, committees, and individuals, Guthrie is responsible for the standards of professional practice by the members of its staff.

37. Guthrie failed to exercise the judgment of reasonable health care providers under the circumstances as follows:

    37.1. Failure to have and/or enforce proper protocols with respect to pre-procedure imaging to confirm drain location;

    37.2. Failure to have and/or enforce proper protocols with respect to performing a cystography prior to initiating sclerotherapy for splenic cyst; AND

    37.3. Failure to comply with accepted standards for patient safety to avoid damages such as those occurred here.

38. As a direct and factual result of the conduct set forth herein, Mrs. Wilkins suffered as follows:

    38.1. Acute peritonitis with significant abdominal pain;

    38.2. Tissue necrosis;

    38.3. Splenic abscess;

    38.4. Splenectomy;

    38.5. Immunodeficiency;

    38.6. Requirement to undergo life-long encapsulated virus vaccines;

38.7.   Prolonged hospitalizations and treatment;

38.8.   Additional medical care and surgeries;

38.9.   Medical expenses;

38.10. Lost wages;

38.11. Scarring;

38.12. Loss of Life's pleasures;

38.13. Pain and suffering, mental anguish, discomfort, inconvenience, emotional distress, embarrassment and humiliation; and

38.14. Such other damages as are recoverable pursuant to Pennsylvania Law.

WHEREFORE, Plaintiffs demand judgment against Defendant for an amount in excess of the limits of arbitration, exclusive of interest and costs.

## COUNT IV LOSS OF CONSORTIUM
## DOUGLAS WILKINS v. ALL DEFENDANTS

39.   The preceding paragraphs are incorporated by reference as though set forth fully herein.

40.   As a direct and proximate result of Mrs. Wilkins' injuries, Mr. Wilkins suffered the loss of assistance, companionship, consortium, society and services of his wife, all of which have been to his great damage and loss.

WHEREFORE, Plaintiffs demand judgment against Defendant for an amount in excess of the limits of arbitration, exclusive of interest and costs.

RIEDERS, TRAVIS, DOHRMANN,
MOWREY, HUMPHREY & WATERS

/s/ *Corey J. Mowrey*

_____
Corey J. Mowrey, Esquire PA 307507
Attorney for Plaintiffs
161 West Third Street
Williamsport, PA 17701
Ph: 570-323-8711
Fx: 570-323-4192
Em: cmowrey@riederstravis.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Suzanne Wilkins and Douglas Wilkins, Husband & Wife | NO. |
| Plaintiffs | JUDGE: |
| vs. | PROFESSIONAL LIABILITY ACTION |
| Basit Achakzai, MD.; Guthrie Robert Packer Hospital; Guthrie Medical Group, P.C. | JURY of 12 DEMANDED |
| Defendants | |

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

RIEDERS, TRAVIS, DOHRMANN,
MOWREY, HUMPHREY & WATERS

/s/ *Corey J. Mowrey*

_____
Corey J. Mowrey, Esquire PA 307507
Attorney for Plaintiffs
161 West Third Street
Williamsport, PA 17701
Ph: 570-323-8711
Fx: 570-323-4192
Em: cmowrey@riederstravis.com